PERRY H. OLIVER, plaintiff in error, *vs.* SHIPLEY, ROAN & COMPANY, defendants in error.

When the plaintiff's attorney asked leave of the Court to take a judgment in an action 'brought on an open account against the defendant, saying there was no plea filed, the Court replied, he could take his judgment at his own risk; that if there was a plea filed, the judgment would be set aside. Whereupon, the judgment was signed by the presiding Judge, the defendant being in the Court inside of the bar, when the plaintiff's counsel was preparing to take the judgment, and part of the time, in consultation with him. On the next day, the defendant, by his counsel, made a motion to set the judgment aside, on the ground that he had *then* filed the plea of payment to the action, after the judgment had been signed, but did not state *when* or *how* the payment had been made. The Court refused the motion to set aside the judgment and the defendant excepted:

*Held,* That, under the statement of facts disclosed by the record, there was no error in the Court below in refusing the motion to set aside the judgment.

Judgment by default. Pleading. Before Judge CLARK. Sumter Superior Court. April Term, 1871.

Shipley, Roan & Company sued Oliver on an open account for "merchandise," and Oliver acknowledged service. At the trial term, plaintiff's attorney called the attention of the Judge to the fact that no plea was filed in said cause, and asked for a judgment by default. The Judge said such cases could not then be conveniently taken up, but that he could take his judgment at his own risk; that if there was a plea already filed, the judgment must be set aside. Thereupon,

the judgment was entered and signed by the Judge. During this colloquy, Oliver was within the bar, and part of the time, consulting with said plaintiff's attorney. Next day, Oliver, by his attorneys, filed a plea of the general issue, and that said account was fully paid; but did not say when or how it was paid; and counsel stated for Oliver that he having paid said demand, supposed there would be no effort to take judgement against him, and therefore had filed no plea nor employed counsel; that the cause was called out of its order, and he wished now to pay the costs and set said judgment aside. The Court refused to set it aside, and that is assigned as error.

HAWKINS & BURKE; N. A. SMITH, for plaintiff in error.

C. T. GOODE, for defendants.

WARNER, Judge.

There was no error in the judgment of the Court below, in refusing to set aside the judgment on the statement of facts disclosed in the record.

Let the judgment of the Court below be affirmed.